**CASTRONOVO & McKINNEY, LLC**
Thomas A. McKinney (ID 022202003)
Edward W. Schroll (ID 000612012)
71 Maple Avenue
Morristown, NJ 07960
(973) 920-7888
Attorneys for Plaintiffs
Malysha Mangar and Chaseylynn Benavides

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MALYSHA MANGAR and CHASELYNN BENAVIDES on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, SERVICES, LLC,<br><br>Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

## CLASS ACTION COMPLAINT

Plaintiffs, Malysha Mangar and Chaseylynn Benavides ("Plaintiffs"), individually, and on behalf of all others similarly situated, by and through their attorneys, Castronovo & McKinney, LLC, bring this action Class Action against Defendant Amazon.com, Services, LLC. ("Defendant Amazon") seeking compensatory damages, punitive damages, attorneys' fees, and costs of suit and alleges as follows:

### INTRODUCTION

1. This is a class action lawsuit brought against Defendant Amazon by Plaintiffs on behalf of themselves and similarly situated individuals who required an accommodation of medical leave, including intermittent medical leave, while employed by Defendant Amazon and

were subsequently involuntarily terminated by Defendant Amazon during the time that the employees were using the approved medical leave.

2.  Defendant Amazon maintains an electronic system that tracks the amount of medical leave an employee is entitled to under various state and federal laws.

3.  When an employee requires use of the approved medical leave, the employee would either report the necessary time off on the Amazon app or report the time off on the Amazon App or calling to report the time off.

4.  Upon notification that an employee required time off for their approved medical leave, the system generates a confirmation email sent to the employee showing the amount of medical leave the employee has used and the employee's remaining time left to be used for medical leave.

5.  Defendant Amazon has repeatedly terminated employees for taking time off while on approved medical leave despite the employees receiving notification from Defendant Amazon that they had time remaining for their approved medical leave.

6.  Such conduct is a blatant pretext for retaliation against these employees for requesting medical leave.

7.  Plaintiffs, on behalf of themselves and those similarly situated, bring this action to redress Defendant Amazon's violations of the Family and Medical Leave Act and seek compensatory damages, punitive damages, attorneys' fees, and costs of suit.

## **JURISDICTION, VENUE AND THE PARTIES**

9.  Plaintiffs allege violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*.

10. This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question).

11. Venue is proper in this Court as Plaintiffs reside in New Jersey and worked for Defendant in New Jersey, and the events giving rise to the claims occurred in this District.

12. Plaintiff Mangar resides in New Brunswick, Middlesex County, New Jersey.

13. Plaintiff Benavides resides in Roselle, Union County, New Jersey.

14. Defendant Amazon.com, Services, LLC is a for-profit business doing business in the State of New Jersey.

## FACTUAL ALLEGATIONS

**A. Plaintiff Mangar**

15. Plaintiff Mangar worked as a Warehouse Associate for Defendant Amazon in its Edison warehouse in Edison, New Jersey since September 2020.

16. Plaintiff Mangar's daughter suffers from chronic constipation.

17. In September 2022, Plaintiff Mangar asked Defendant Amazon for intermittent leave to care for her daughter from September 2022 through September 2023.

18. Defendant Amazon approved Plaintiff Mangar's request for intermittent leave.

19. When Plaintiff Mangar needed to take off from work to care for her daughter, she would report the time off on the Amazon App or call and have someone report her missed days.

20. Each time she did so, Plaintiff Mangar would receive a confirmation email showing the days she had used and her remaining time left under the Family and Medical Leave Act.

21. Plaintiff Mangar last received such an email on April 12, 2023.

22. That email set forth that Plaintiff Mangar was approved for intermittent medical leave from September 29, 2022 through September 28, 2023 at the frequency of "as medically necessary."

23. The email further noted that Plaintiff Mangar was entitled to 52 days and had used 34 days, 9 hours and 56 minutes.

24. The email also stated that as of April 12, 2023, Plaintiff Mangar had 21 days and 54 minutes remaining.

25. However, on April 15, 2023, Plaintiff Mangar received an email with a termination letter confirming that Plaintiff Mangar had been involuntarily terminated as of April 14, 2023.

26. Plaintiff Mangar was informed that she was terminated for taking time off.

27. Plaintiff Mangar contacted Defendant Amazon's ERC Team and informed them that she was approved for intermittent leave and that there should not be any absences against her.

28. Defendant Amazon's ERC Team told Plaintiff Mangar there was nothing that they could do since she was already terminated.

29. Defendant Amazon's termination of Plaintiff Mangar is blatant pretext for retaliation against Plaintiff for requesting FMLA leave.

**B. Plaintiff Benavides**

30. Plaintiff Benavides worked as a Fulfillment Associate for Defendant Amazon in the Carteret location since October 2016.

31. Plaintiff Benavides suffers from herniated discs.

32. In April 2023, Plaintiff Benavides was approved for an accommodation under the Family and Medical Leave Act for intermittent leave.

33. Plaintiff Benavides was approved for intermittent leave from April 2023 until October 31, 2023.

34. Plaintiff Benavides was approved for four hours of leave up to three days per week.

35. Yet, on August 11, 2023, Plaintiff Benavides received an email that further documentation was required to support her request for leave.

36. The email provided that Plaintiff Benavides had until August 31, 2023 to provide this documentation.

37. However, On August 20, 2023, Plaintiff Benavides received an email from Defendant Amazon that she had negative 15:26 hours of unpaid time and was being terminated.

38. Plaintiff Benavides was terminated for negative hours of unpaid time despite receiving an email on August 28, 2023 from Defendant Amazon that stated she had eight (8) hours of intermittent leave remaining.

39. Plaintiff Benavides was terminated before the date she was given to provide the documentation supporting her need for medical leave.

40. Defendant Amazon's termination of Plaintiff Benavides is blatant pretext for retaliation against Plaintiff for requesting FLA leave.

## CLASS ACTION ALLEGATIONS

41. This action is brought, and may properly proceed, as a class action, pursuant to under Fed. R. Civ. P. 23.

42. Plaintiffs seeks certification of a Class defined as follows:

>Employees of Defendant Amazon who took approved medical leave under the Family and Medical Leave Act and were involuntarily terminated during the period of the approved medical leave.

43. Plaintiffs reserve the right to modify, change, or expand the class definitions if discovery and/or further investigation reveal that they should be expanded or otherwise modified.

44. **Numerosity:** The Class is so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Class is unknown at this time, such information being in the sole possession of Defendant Amazon and obtainable by Plaintiffs only through the discovery process, Plaintiffs believe, and on that basis allege, that at least four other employees on approved medical leave were involuntarily terminated during the period of approved medical leave and there are many more members.

45. **Common Questions of Law and Fact:** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class members. These common legal and factual questions include, but are not limited to:

>a. Whether Defendant Amazon maintains a system that calculates the amount of medical leave an employee is entitled to?
>
>b. Whether Defendant Amazon engaged in the conduct alleged herein;
>
>c. Whether the employee is a member of a protected class;
>
>d. Whether the employee was subject to an adverse employment action or decision;
>
>e. Whether that adverse employment decision or action was based on membership in the protected class?

6

  f. Whether Plaintiffs and Class Members have suffered as a result of Defendant Amazon's conduct;

  g. Whether Plaintiffs and Class Members are entitled to damages, including punitive damages, as a result of Defendant Amazon's conduct, and if so, the amount or proper measure of those damages.

  46. **Typicality:** Plaintiffs' claims are typical of the claims of the Class since Plaintiffs requested and received an approved medical leave, as did each member of the Class, Plaintiffs were terminated, as was each member of the Class, during the approved medical leave and suffered damages as a result, as did each member of the Class. Plaintiffs and all Class Members have the same claim of retaliation against Defendant Amazon and the same claims for relief including compensatory damages, punitive damages, attorneys' fees, and costs of suit. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all absent Class Members.

  47. **Adequacy:** Plaintiffs are an adequate representative for the Class because their interests do not conflict with the interests of the class they seek to represent, Plaintiffs have retained counsel competent and highly experienced in employment litigation – including retaliation cases – and they intend to prosecute this action vigorously, thus the interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

  48. **Risk of Adjudication For Absent Members:** The prosecution of separate actions by or individual members of the Class would create a risk of adjudications that could be dispositive of the interests of the other members who are not parties to those adjudications or substantially impair or impede their ability to protect their interests.

## COUNT I

## FMLA – Interference with Rights

49. Defendants employ more than fifty (50) people within seventy-five (75) miles of Plaintiffs' work sites and, therefore, are covered by the FMLA, 29 U.S.C. § 2601, et seq..

50. Plaintiffs, having been full-time employees of Defendants for more than twelve (12) months, were eligible for FMLA leave.

51. Plaintiffs informed Defendant Amazon of their need for intermittent leave.

52. Defendant Amazon interfered with Plaintiffs and other Class Members' rights by refusing to provide leave.

53. Defendant Amazon then terminated Plaintiffs as a result of their request to take FMLA leave.

54. Defendant Amazon's refusal to provide Plaintiffs with FMLA leave and termination of Plaintiffs' employment have interfered with the rights guaranteed to Plaintiffs under the FMLA.

55. Defendant Amazon's conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper level management.

56. Defendant's actions of willfully refusing Plaintiffs legally-entitled leave and terminating their employment were egregious justifying the imposition of punitive damages.

57. As a result of Defendant Amazon's wrongful conduct, Plaintiffs have suffered, and continue to suffer, damages including: back pay, front pay, pain and suffering, and emotional distress.

## COUNT II

### FMLA – Retaliation

58. Plaintiffs repeat and incorporate the facts alleged in the preceding paragraphs.

59. Defendant Amazon employs more than fifty (50) people within seventy-five (75) miles of Plaintiffs' work site and, therefore, are covered by the FMLA, 29 U.S.C. § 2601, et seq.

60. Plaintiffs, having been full-time employees of Defendants for more than twelve (12) months, were eligible for FMLA leave.

61. Plaintiffs informed Defendant Amazon of their need for intermittent leave.

62. Defendant Amazon terminated their employment in retaliation for their request for leave.

63. Defendant Amazon's termination of Plaintiffs' employment constitutes retaliation in violation of the FMLA. 29 U.S.C. § 2601, et seq.

64. Defendant Amazon's conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper level management.

65. Defendant Amazon's actions of willfully terminating their employment were egregious justifying the imposition of punitive damages.

66. As a result of Defendant Amazon's wrongful conduct, Plaintiffs have suffered, and continue to suffer, damages including: back pay, front pay, pain and suffering, and emotional distress.

**WHEREFORE**, Plaintiffs and other Class Members seek judgment against Defendant Amazon awarding compensatory damages, liquidated damages, punitive damages, attorneys' fees, costs of suit, pre- and post-judgment interest, and all other relief that the Court deems equitable and just.

                **CASTRONOVO & McKINNEY, LLC**

Dated: January 11, 2024      By:_____
                 Thomas A. McKinney
                 Attorneys for Plaintiffs

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

                **CASTRONOVO & McKINNEY, LLC**

Dated: January 11, 2024      By:_____
                 Thomas A. McKinney
                 Attorneys for Plaintiffs

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates Thomas A. McKinney as trial counsel in this action.

                **CASTRONOVO & McKINNEY, LLC**

Dated: January 11, 2024      By:_____
                 Thomas A. McKinney
                 Attorneys for Plaintiffs